We're ready for our next case. This is Harper v. Amazon.com et al, appellate number 20-2614. And we'll hear from Mr. Schwartz. Good morning. May it please the court. Jason Schwartz on behalf of Amazon. And with the court's permission, I'd like to take 10 minutes and reserve five for rebuttal. You may. Thank you, Your Honor. Uh, plaintiff agreed to arbitrate any disputes that he had with Amazon arising out of his contractual relationship. He agreed twice in the contract, and he agreed a third time by not exercising his right during a 14-day buyer's remorse period to change his mind. He's now here before this court asking you to allow him to evade his contractual obligation to arbitrate in a Section 1 of the Federal Arbitration Act to allow him to do that. Well, let's focus on Section 1. We understand what he's hoping to achieve. But let's focus on Section 1. One of the things that I understand from your briefing that Amazon's most upset about is the District Court-ordered discovery, right? That's correct, Your Honor. I would like to see if we can streamline things on that subject, because maybe with a mutual understanding of kind of what a factual material might be by way of concession, maybe we can streamline some of your concerns about the discovery point. So I'm going to outline a couple of statements, and you can tell me, yeah, we can concede to that. Yeah, we can concede to that. I'm going to be asking the other side when it's their turn, with those concessions, do you still need discovery? Okay? So do we concede that Amazon is a retailer that sells online products and third-party products throughout the United States? I would concede that, Your Honor, although it's important to note that these delivery drivers are engaged also in delivering products locally, for example, for Whole Foods Market. Just let me do baby steps for a sec, okay? Of course. So the first is that's the company's business. That's correct, Your Honor. That's in part of the company's business. Whole Foods Market is also a part that's related to these drivers. Would you insist, then, would your adversary want to do discovery on that point? And, Your Honor, I would argue that discovery is inappropriate under the test set forth in the saying. I'd be happy to explain that. Let me continue and see whether or not we can come to any understanding that would create a factual record and avoid the need for discovery. Just want to try this. Of course. That among the things the Amazon entities does is provide delivery of the goods ordered to the consumer. I do agree, Your Honor. Okay. Do you also agree that one of the successes of the company is the fact that you as the consumer can order and that Amazon will ensure the delivery of those goods to you? That's one of the big important things of the company's sort of 360 service, my words, not yours. Sure. Through various third parties, absolutely, Your Honor. Right, for the delivery part. And that the goods that are ordered and delivered, it's fair to say that they don't all come from the state in which the delivery is happening. Put differently, the goods come from other states than the place in which they're delivered. Some do and some don't. And I'd be happy to explain why I don't think that's relevant, but absolutely, some do and some do not. Does it change your, let me just stay with my little exercise here. Does the fact that some and some don't matter for the purpose of looking at section one and whether or not the plaintiff is a part of class of workers that's involved in engaged in interstate commerce? Does it matter? No, no, because the plaintiff's work would have to be defined by the class of workers would have to be defined by their engagement in interstate commerce, meaning the continuous sustained movement of goods across state or foreign borders in the same way as railroad workers and marine workers, seamen. That's a helpful point. Judge Schwartz, can I just ask one question on that point? Because I think it helps sharpen my understanding here. So how much of this do you see as a factual exercise counsel versus a legal exercise? And it would help me understand where your argument rests, because I understand, obviously, there's lots of facts that are disputed around this and discovering some of them, others, maybe not. That's probably true of most matters. But I'm curious where you sort of see the threshold analysis of a legal determination coming in this case, informed by our prior decisions. Absolutely. Absolutely. Thank you, Judge Meadey. In two respects. Number one, I think that to the extent there were any discovery needed, we should look to what Judge Porter said in his concurrence in Singh, which is if there is another way to the exit, and here there is, all roads lead to arbitration. So instead of going on what in Singh has been an 18-month discovery odyssey that is just now moving from documents to deposition, here the answer is clear because state law would require arbitration. But second, let me take your... I apologize, Judge Schwartz, of course. But the difference between Singh and this case is the arbitration clause that was drafted by the employer. And here, Amazon selected the Federal Arbitration Act as the dispositive governing law. Didn't the district court have to go through that first, pass that gate, consistent with prime, new prime rather, in order to determine what other law to apply when the agreement is dictating Federal Arbitration Act? Respectfully, Your Honor, no. And district courts in this circuit and elsewhere have reached the conclusion that they need not go through that anyway. So here, what we know is that if the FAA section 1 exception applies, then under Palco, it is as if the FAA did not exist. And then either Washington law applies pursuant to White HACA and the severability clause, or New Jersey law applies pursuant to the New Jersey Supreme Court's decision in ARAFA that where the FAA section 1 exception applies, therefore, New Jersey is a default rule for every arbitration contract entered into honor after January 1 of 2003. But Palco even went to the exercise of whether the FAA applied before it turned to state law. And that predated new prime. So how can we fault the district court from following the express language of the agreement presented to her honor, and the guidance from Palco, or the acts of Palco and the directions of new prime? How can we fault the district court from requiring that legal analysis to first take place before going to figure out what state law should apply? The distinction here is twofold, Your Honor. Number one, the court could reach the conclusion that the section 1 exception either applies or doesn't apply on the laws, Judge Mady said, and I'll explain that in just a second. But if the court were inclined to order discovery, and again, go on an 18-month odyssey like Singh, then what Moses H. Cohn tells us, and what Washington and New Jersey law tell us, is that that would destroy the efficiencies of arbitration. The whole point is to take the parties pursuant to their agreement to arbitration as quickly as possible. So to go through the academic exercise of 18 months of discovery to conclude either the section 1 exemption is inapplicable, and therefore, discovery must be compelled under the FAA, or it applies, and therefore, I'm sorry, arbitration must be compelled, or it applies, and therefore, arbitration must be compelled under Washington or New Jersey state law. That makes no sense. But let me get to- Do you think the concessions we've just tried to discuss here can just eliminate the need for discovery? We have some concessions on kind of what Amazon does and what the plaintiffs do as a class from the pleadings, and do the analysis, figure out if section 1 applies or doesn't. If it doesn't, off to state law arbitration, we examine. Couldn't we- Isn't that a viable approach to avoid what you've been describing this 18-month odyssey of the discovery that's been taking place in Singh? Very much, Your Honor, and I think that goes to Judge Mady's question, which is under Singh, it is the burden of the plaintiff to put forward facts in order to open the door to discovery, facts to put in dispute whether the section 1 exception is at issue, whether the class of workers is defined by its engagement in interstate commerce. Here, this is actually the default case of sort of Singh scenario 1, which is the papers themselves make clear that the section 1 exception does not apply, and the plaintiff did not meet his burden to put forth any facts to put that in dispute. His complaint simply alleges that he was given packages to deliver within a two-hour block. That suggests to me that the job is not defined by interstate commerce. He then says that- But in fairness to the pleading, he said he traveled occasionally across state lines. That's correct, Your Honor, and traveling occasionally across state lines consistent with now Justice Barrett's decision in Wallace and the 11th Circuit's does not make a job defined by its interaction with its engagement in interstate commerce in the way of railroad and sea workers. So here, all we have are those allegations, and then we also have the arbitration agreement itself, which this court in Singh said should be considered, and that says the same thing. Local delivery within a metropolitan area using your feet, a bicycle, a personal vehicle, or public transportation within a two-hour block. That is not a class of workers defined by their engagement in interstate commerce in the way that railroad and sea workers are. Do you agree that Amazon Flex drivers are the same as those in some of the cases that are like Amazon Last Mile or Amazon Last Leg? Are they the same when they're performing the same tasks? I would not agree, Your Honor. I think that the drivers, first of all, the only thing we have are the papers here. The plaintiff has failed to bring it forward. I'm asking you if you can tell me whether the references in the other case law to those type of job labels are the same as Amazon Flex drivers. Those drivers were at issue in the Rittman and Whitehawka cases. What I would say is that these drivers are making local deliveries within metropolitan areas as defined by the contract using their feet, their car, public transportation, et cetera. But are they the same as the Amazon Flex? Are they all the same guys, all the same drivers? Are they all the same doing all the same thing? Amazon Flex, Amazon Last Mile, Amazon Last Leg, whatever you would label it in the case law, are we talking about the same class of drivers? Oh, sure, Your Honor. I would not describe them as Last Mile, but all the Amazon Flex drivers in the two cases, the Rittman case and the Whitehawka case, it is the same group of using an app to make local deliveries for Amazon, whether they be packages from near or far or whether they be fresh food from your local Whole Foods. Thank you. Judge Porter, you have any other questions before? I do. I do for Mr. Schwartz. Well, as you know, I agree with you that if there's another path to arbitration through state law or whatever, we should pursue that path. But in this, it sort of gets back to Judge Schwartz's earlier question. In this case, because the choice of law provision is drafted so specifically, why aren't we compelled to follow that through rather than go off on a state law path? Can you explain that? Absolutely, Your Honor. First of all, I would say consistent with Moses H. as efficiently as possible. Were you to order discovery and go down that academic rabbit hole, it's totally inconsistent with the purpose of arbitration. The parties will not have gotten the benefit of their bargain. Here, the reason that you can do it is the parties have said that the FAA governs the enforcement of the arbitration clause. The plaintiff has said, I fall within Section 1, therefore, the FAA doesn't govern. That essentially becomes an academic question unless you decide it on the papers without discovery, which I suggest you can do. But if instead you were to go to Singh Path 2, which is you were to find the plaintiff met his burden to put forward specific facts, which he did not, and therefore order discovery, you'd say, well, why in the world would we do that when we can just determine that if the plaintiff is right, right, therefore, Section 1 exception applies. Under PALCO, it's as if the FAA did not exist. The plaintiff argues incorrectly in his brief that that somehow preempts the enforcement of the arbitration agreement under state law. This court said in PALCO that's not true. So that argument is absolutely precluded. So on the choice of law issue, you're saying that as an analytical matter, we could just go ahead and assume that Section 1 applies and then default to state law. That's correct, Your Honor. And district courts in this circuit, including two Pennsylvania, have done exactly that because it's the most efficient way to proceed. So here, if you were to move to state law, again, all roads lead to arbitration. You either find, as the Whitehawka Court did, that you can strike the, quote, unquote, offending words from the choice of law clause, leaving Washington law to govern. Or alternatively, the New Jersey Supreme Court's decision in ARAPA, it tells you exactly what to do, which is that even where the default rule of New Jersey law applies, which is every arbitration agreement is governed by the New Jersey Arbitration Act, which has the same result. And the only response the plaintiff has to that is to say ARAPA is somehow preempted by the FAA. That's not true, as this court said in PALCO. That's absolutely incorrect. Thank you. Judge May, do you have any further questions? Not at this time. Thank you. Judge Porter? No. Okay. Counsel, I'll have you back on rebuttal. Thank you. Thank you, Your Honor. You're welcome. Counsel? Good morning. Ms. Mayes. Good morning. May it please the Court, Deborah Mayes from Costello and Maynes for the respondent, Robert Harper. We don't believe that we can simply jump to arbitration no matter what. We don't agree that all roads here lead to arbitration. What Amazon is asking for is for the court to forego discovery, which the district court prudently ordered, so that we can flesh out the facts, facts that, frankly, Amazon has access to that the class of plaintiffs don't necessarily have access to. What about the fact that I spoke with Mr. Schwartz a little bit, and I think there are certain things he would agree factually or wouldn't disagree exist. Do you have enough based on those sort of representations or that would forego the need for discovery? What more do you need? Well, I think, and I hate to put myself in the shoes of my adversary, but I think in fairness, he would suggest that there are more facts that would need to be fleshed out, that those stipulations or concessions alone that Amazon's a retailer providing delivery of goods ordered and that they may originate from other states, I'm sure he would argue is not enough to forego discovery. I think maybe it's enough to forego discovery, but in the interest of fairness and in the interest of getting at the truth, which is what we're trying to do in all litigation, I would suggest we need a little bit more than that before we can say there's a legal decision that can be made here. What do you mean? Well, I think we need to talk about what that stream of interstate commerce is. I think defense has argued that the flex drivers are not necessarily going to be considered last mile drivers. They may be. We need to know the facts on that. I think we need to have a sense of how often they're crossing state lines versus not. I think we need to have- The First and Ninth Circuit were able to do it without any of that level of detail. Now, I know their pleadings were a little bit more fulsome, perhaps than the pleadings here, but those circuit courts were able to do it. Well, Your Honor, I'm certainly not going to argue myself out of it if you think there's enough based on those two sessions. I want you to tell me what you lack here that was present in those cases that presumably you and your client would say were correctly decided, at least on the Section 1 issue. Your Honor, other than information about how often the interstate travel is happening and the origination of the goods, nothing. In terms of- Let's say the discovery leads to the conclusion that the Section 1 exception applies. Then what? Aren't you headed off to- Then don't you deal with the state law question? Yeah, I think the district court said that. The district court said, once we determine Section 1, after that, we may have to then turn to state law and see what state law says about this. These particular- What's the point of going through discovery then when you could just do that in the first place? We can, and the court didn't. The issue is not squarely before us. I know the district court didn't. Tell us why we shouldn't send it back to the district court to do it. I don't have an issue with that, Your Honor. To send it back to the district court to deal with the state law issue that it declined to address in the first place. I have no problem with that. I think that's a perfectly reasonable response, and the parties can argue applicability of state law and enforceability under state law standards. I don't have an issue with that. So here, again, from our view, defense said that we're before this court. The plaintiff is before this court asking to be removed from arbitration. We're not before this court. We didn't bring this appeal. We came to the district court asking to litigate this case on the merits. The district court said, I don't know yet. I want to follow Singh. I want to do some discovery, and after that, then I want to assess the state law issues, and then we'll make a decision. The plaintiff is perfectly fine with that. We will argue to the state, to the district court, if and when the time comes, that even under ARAFA, we don't believe that, pursuant to Adelie Scarfinkel, ARAFA, and any number of other cases, that this particular agreement is enforceable and constitutes a knowing and unmistakable waiver of the right to a jury trial, but we're not there yet. When we get there, we'll make the argument. I want to make sure that we understand, because if we can streamline this in some way, that would just be dynamite for all parties concerned. So the plaintiff would be willing to forego a decision on the FAA issue, including just no discovery on that point that was ordered. We will forego even a ruling on the FAA issue, and we would be prepared to go back to the United States district court judge for us to argue about what choice of law applies and how it governs whether or not there's an arbitration requirement. Am I understanding you correctly? No, Your Honor. I think we have to have the section one analysis, but if the court is suggesting that we're just going to jump to whether it's enforceable under state law, I would be okay with a directive to the district court to do both sets of analysis, the section one analysis prior to discovery based on what we've talked about today, and then the analysis of state law enforceability and choice of law, all of the state law issues. So just so we're clear, because I'm not quite sure Mr. Schwartz, see what he thinks about this potential approach, is take the information that was laid on before the appellate court, apply section one to it, decide whether or not it's exempt. If it's exempt, go to state law. Yes, Your Honor. That's your position. Yes, ma'am. Judge Porter, I think, well, would you be okay sending it back to the district court to address in the first instance whether there's a state law path to arbitration before dealing with the section one issue? Yeah, as long as it doesn't constitute a waiver of the right to discuss the section one issue, depending on the district court's decision, yeah, I would be fine with doing it in that order. In that order, right. Okay. And if that's the case, just I want it for the district court's benefit. If you're willing to have the state law decision decided first and the ruling of the state court is arbitrary, then you live with that rule. You can't come back and say, but you didn't decide FAA, like that's her ruling. If she says no arbitration under state law, you're prepared to kind of modify the order of operations. Okay, well, what about under the FAA? Give us a ruling. Right, that's what I would propose we do. If they're saying no state law, then we have to talk about FAA. If she says state law, regardless of what FAA says, subject to our right to further appeal, I think we may have to live with it. And appeal on the ruling on the arbitrate, like whether the district court decided the arbitration issue under state law app correctly. Right, right. All right. With that, your honors, unless there are further questions for me, I won't take up more of your time. Thank you. Thank you. Let's see if my colleagues have anything further to me or Judge Porter. Do you have anything else you want to ask counsel? No. Thank you. All right. Mr. Schwartz, let's just jump to, I feel like it's the good old days where I get to see if we can work with the parties and come to something that maybe that you can live with. What do you think about a concession by your adversary? Not a concession, but a willingness that we send this back to allow the district court to decide the state law question first, and then turn to the first section one, depending on the district court's analysis. Judge Schwartz, I think that's a very efficient way to proceed. Okay. Do my colleagues have any further follow-up? And we'll have a conference on that and see whether or not that's a feasible alternative. But I don't want to cut you off, Mr. Schwartz, but since we started to talk about resolution in a gold-fashioned, efficient way, I thought I'd give you a chance. Do you have anything else you wanted to add? Absolutely, Your Honor. I do have commentary on the discovery issues and my colleagues' responses, but I don't think it's necessary at this time. I concur with the resolution that my adversary has suggested to the court for Chief Judge Wilson to decide in the first instance whether arbitration could be compelled under state law. And I just want to make sure we're not leaving Judge Wilson with some guidance that if she has to move to section one for some reason, is she going to be required to deal with this discovery point? You know what I mean? And I'm not doing this in anticipation of what she may... I don't want to without guidance as to what the parties think might be a method for decision-making here. So go ahead, counsel. Thank you, Your Honor. I would say as to discovery, it's clear that in this case, we're in what I would refer to as Sing Scenario 1, which is the papers are sufficient. The plaintiff has not put forward sufficient facts to put at issue whether the job is... the class of workers is defined by their interaction in interstate commerce, and therefore there should be no discovery. But the judge already decided that point. You see that what I'm saying is I don't want... she's already decided from her point of view, she doesn't have enough facts. Understood, Your Honor. I want to make sure we're not giving her mixed message. She's already decided that. And on that point, I think we're entitled under the FAA to immediate review by the Court of Appeals. So what I would argue is that... That's why you're here now, right? Agreed, Your Honor. And to the extent the court is going to reach the issue of whether discovery is appropriate here under Sing, if and when Chief Judge Wilson were to decide that state law did not apply, then our argument is discovery is not appropriate because the plaintiff bore the burden to show that there were enough facts to put the exception at issue. The plaintiff didn't do that. And I think my colleague's answers actually demonstrate the harm here, which is she wants to take discovery about what the stream of commerce is, quote-unquote. And if you look at page nine of Mr. Harper's brief, you can see that too, how the goods might have flowed through Amazon warehouses throughout the country. Respectfully, Your Honor, that is quite a rabbit hole that is totally irrelevant. If the Section 1 exception was about where the products came from, as now Justice Barrett pointed out in Wallace, the 11th Circuit pointed out in Hill, the exception would swallow the rule. Instead, the plain text of Section 1 talks about what the workers themselves are engaged in. And this court was clear in Sing, in Tenney, that it has to be defined by their engagement in interstate commerce. That's not the case here. And an 18 months' worth of discovery about where different packages might have come from is not going to answer that question any better than it's answered today, which is that the plaintiff has put forward no facts except that he and others might occasionally in a metropolitan area cross state lines. That doesn't make their job defined by commerce in the way that railroaders would have been or seaworkers would have been. And so discovery would be inappropriate under this court's ruling in Sing. Thank you. Let me just see if Judge Porter or Judge Meadey have any further questions for your counsel. Thanks. No. Judge Meadey. Nothing further. Okay. Counsel, thank you for the very informative oral argument today. We will take this matter under advisement. And we thank you for the excellent briefing and arguments. So thanks.